Dixon, J.
This cause is heard on two motions, one filed by the plaintiff, Ella E. Leslie, to require the auditor of the city of Norwood to show cause why he should not be punished for contempt, and the other by the defendant, City of Norwood, to modify or supplement the decree heretofore entered herein. The decree was entered on February 1, 1919, and both motions were filed during the January term of this court.
The plaintiff, Ella E. Leslie, and others, brought this action to enjoin the city of Norwood from collecting certain street assessments claimed to be illegal and upon a hearing and subsequent rehearing of the case on its merits the trial court made an order resulting in a slight reduction in the cost per front foot of the assessment as levied and entered up a.final decree, which contains the following paragraph:
“It is further ordered that each of said plaintiffs shall have the privilege, within thirty days of the entry hereof, to pay their said several assessments so reduced as aforesaid in cash; otherwise with five per cent, interest and in ten annual installments for said sum so found due; and that the defendant, the City of Norwood, pay the costs of this action.”
*64 From this recital it is apparent that the exact date from which interest begins to run on the deferred, annual installments is not fixed with any degree of definiteness.
The plaintiff, Ella E. Leslie, claims that interest,is chargeable only from February 1,1919, the date of the decree, and upon this 'basis she has calculated the amount of the current annual installment of her proportion of the assessment and has tendered the same to the city auditor of Norwood, who has refused said payment. Hence, the contempt motion.
On the other hand, the City of Norwood claims that interest is chargeable on the deferred annual installments of said assessment from the date of the passage of the assessing ordinance, which was May 21, 1917.
Which of these contentions is correct?
The question raised here is not a new one in Ohio, and while the authorities are not in entire harmony, nevertheless, in the only reported case that has reached our Supreme' Court the right of a municipality to charge and collect interest from the time fixed by the ordinance for the payment of the assessment is specifically recognized in actions involving the validity of such assessments. Gest v. Cincinnati et al, 26 Ohio St., 275. See also Fricke v. Cincinnati, 1 O. N. P., 98.
A supplemental order, therefore, may be taken, fixing May 21, 1917, as the time from which interest is to be calculated on the deferred annual installments of said assessment.